Affirmed and Memorandum Opinion filed March 4, 2008








Affirmed and Memorandum Opinion filed March 4, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01211-CV

_______________

 

CAROL ANN NORRA, Appellant

 

V.

 

HARRIS COUNTY, TEXAS; TEXAS COMMISSION

ON ENVIRONMENTAL QUALITY; and 

TEXAS DEPARTMENT OF HEALTH, Appellees

                                                                                                                                               


On Appeal from the 55th District Court

 Harris County, Texas

Trial Court Cause No.2003-10164 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








This is an appeal from the trial
court=s award of civil penalties,
injunctive relief and attorney=s fees in a civil enforcement proceeding filed by the State
of Texas and Harris County against the owner of two mobile home parks in Harris
County.  In two issues, appellant, Carol Ann Norra, argues that the civil
penalties assessed against her for numerous and repeated violations of the
State=s public health laws are exemplary
damages subject to Chapter 41 of the Texas Civil Practice & Remedies Code. 
She further argues that her United States constitutional right to due process
was violated by the imposition of these penalties.  She frames these arguments
as legal sufficiency challenges to the evidence.  But we conclude that these
complaints are not challenges to the legal sufficiency of the evidence and are
instead legal arguments that were not presented to the trial court.  As such,
she has failed to preserve error on these challenges, and we therefore affirm
the judgment of the trial court. 

I.  Factual
and Procedural Background

In 2003, appellant Carol Ann Norra
owned two mobile home parks in Harris County: (1) North Fork or Reidland Road
Mobile Home Park, and (2) Lauder Road Mobile Home Park.  She has owned both
properties continuously since at least January 1, 1990, with the exception of a
brief period of time from January 27 to July 6, 2004 when she did not own the
Lauder Road property.  She also owned the drinking water and wastewater
treatment systems serving these two properties during the same time period.  On
February 27, 2003, Harris County filed suit against Norra for numerous
violations of the State=s drinking water and sanitation statutes.  The Texas
Commission on Environmental Quality (ATCEQ@) and the Texas Department of Health
(ATDH@) were joined as necessary parties. 

At her bench trial conducted on
December 12B13, 2003, Norra stipulated to over 15,330 violations regarding the
maintenance and upkeep of the water systems at both properties.[1] 
She disputed various other alleged sanitation and  illegal discharge
violations.  The State and County presented testimony and exhibits supporting
these violations.  Norra has conceded the sufficiency of the evidence
supporting fifty-seven of these sewage and wastewater violations.[2] 









On August 25, 2005, the trial court
rendered judgment awarding civil penalties of $384,460.00 to Harris County and
$384,460.00 to the State.  The trial court also awarded the State $4,969.00 as
an administrative penalty, and awarded attorneys= fees of $30,000.00 to Harris County
and $114,200.00 to the State, as well as costs and post judgment interest.  The
trial court further entered a permanent injunction against Norra with respect
to the drinking water and wastewater treatment systems at both properties. 
Norra requested findings of fact and conclusions of law on September 12, 2005,
which the trial court entered on February 8, 2006.  Norra timely filed notice
of appeal on November 23, 2005.

II.  Issues
Presented

In her first issue, Norra asserts
that the $768,920 awarded to Harris County and the State as civil penalties are
actually exemplary damages under Texas law.  She further contends that Chapter
41 of the Texas Civil Practice & Remedies Code precludes the award of these
Aexemplary damages@ because no actual damages were
awarded in this case as required for such an award.  In her second issue, Norra
asserts that because no actual damages were awarded, the award of Acivil penalties, i.e.,
exemplary damages@ necessarily exceeds any constitutionally permissible ratio
between actual and exemplary damages.  This lack of a reasonable ratio between
actual and exemplary damages, according to Norra, violates her right to due
process of law under the 14th Amendment to the United States Constitution.  The
State responds inter alia that Norra failed to preserve these complaints
for appeal because she did not assert these legal arguments in the trial court.[3]








III. 
Analysis

Norra frames her challenges to the
civil penalties awarded against her as challenges to the legal sufficiency of
the evidence.  She argues that, because this is an appeal from a non-jury case,
her complaints may be made for the first time on appeal under Texas Rule of
Appellate Procedure 33.1(d).  The State responds that her complaints are not
legal sufficiency issues, but instead unpreserved legal challenges that were
not asserted in the trial court.  We agree.  

Generally, to preserve a complaint
for appellate review, a party must have presented to the trial court a timely
request, objection, or motion stating the specific grounds for the desired
ruling, if they are not apparent from the context of the request, objection or
motion. Tex. R. App. P. 33.1(a). 
Subsection (d) of this rule, however, permits a legal or factual sufficiency
claim, including complaints that damages are excessive or inadequate, to be
made for the first time on appeal in non-jury cases.  Tex. R. App. P. 33.1(d).  In a legal sufficiency challenge,
the party bringing the challenge asserts that there is no evidence to support
the trial court=s findings.  See City of Keller v. Wilson, 168 S.W.3d
802, 810 (Tex. 2005) (noting that Ano evidence@ points challenge the evidence of a Avital fact@).  








Here, to the contrary, Norra does not
challenge the trial court=s findings.  As noted above, Norra stipulated to
approximately 15,330 drinking water violations and admits in her briefing that
at least fifty-seven sewage and wastewater violations were supported by the
evidence.  At a minimum, the uncontested evidence supports at least 15,387
violations.[4]  Each of
these violations is punishable by a $50 to $1,000 fine.  See Tex. Health & Safety Code Ann. ' 341.048.  Under the statute, the
trial court could have imposed a penalty of between $769,350.00 and
$15,387,000.  See id.  Thus, the trial court=s award of $768,920.00 in civil
penalties is actually less than that which it could have properly awarded,
considering simply the number of violations.  Legally sufficient evidence
therefore supports the award. 

Instead of challenging the legal
sufficiency of the evidence to support the civil penalties, Norra asserts a
novel legal basis for avoiding the penalties assessed.  She asserts
that, although the penalties assessed against her were within the scope of
those permitted by statute, these civil penalties are exemplary damages,
subject to either the cap on exemplary damages in Chapter 41 of the Civil
Practice & Remedies Code or a due process challenge.  For example, in her
briefing, Norra states:

Ms. Norra contends that the civil penalties awarded against her are
actually exemplary damages, and that Chapter 41 of the Texas Civil Practice and
Remedies Code applies to preclude the award of any exemplary damages against
her.  This is a legal sufficiency issue. . . . 

. . . 

Ms. Norra=s argument involves the interpretation of a statute.

. . .

Ms. Norra contends that the civil penalties awarded
against her are exemplary damages. .
. .

. . .








This record shows statutory violations, but no physical harm, no injury and no property
damage to any actual human being.  Since the trial court did not award
compensatory damages, and the record contains no evidence of any actual damage
which could be a basis for an award of compensatory damages, it was error for
the trial court to award $384,460.00 in civil penalties to Harris County and
also error to award $384,460.00 in civil penalties to the State of Texas.

(emphasis added).  In support of her
contention that her due process rights were violated by the assessment of these
penalties, Norra repeatedly refers to the civil penalties as Apunitive damages.@  Thus, her second issue is premised
on her argument that the civil penalties assessed in this case are exemplary or
punitive damages.[5] 

Norra has not directed this court to
any part of the record in which she notified the trial court of her contention
that the civil penalties imposed in this case are actually exemplary damages
subject to (a) the cap provided in the Texas Civil Practice & Remedies Code
or (b) a due process analysis.  Further, she has not provided any argument or
authority suggesting we may review these issues absent such preservation.[6] 
See Tex. R. App. P. 33.1(a). 
Accordingly, we conclude that, because Norra did not raise her complaints in
the trial court, we may not properly address them on appeal.

IV. 
Conclusion








Norra has not established that her
challenges to the civil penalties assessed against her are based on the
sufficiency of the evidence.  Further, she has stipulated to over 15,330
drinking water violations and admits in her brief that the evidence is
sufficient to support an additional fifty-seven sewage and wastewater
violations in this case.  The penalty imposed by the trial court is within the
range allowed by statute; Norra therefore has no basis to claim that the evidence
is insufficient.  Her challenges to the Alegal sufficiency@ of the evidence are instead entirely
new legal arguments for avoiding the civil penalties she was assessed.  These
legal arguments were not presented to the trial court, and thus have not been
preserved for our review.  Under these circumstances, we affirm the judgment of
the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed March 4, 2008.

Panel consists of Justices Yates,
Fowler, and Guzman. 









[1]  The civil penalty range for each violation is
between $50 and $1,000 per day, per violation.  See Tex. Health & Safety Code Ann. ' 341.048(b) (Vernon 2001).  





[2]  The civil penalty range for these violations is the
same as that for drinking water violations.  Id.





[3]  The State also argues that Chapter 41 of the Civil
Practice & Remedies Code is inapplicable in a situation such as Norra=s, in which penalties and fines have been imposed for
statutory violations.  The State suggests that the legislative history and
findings make clear that AChapter 41 was intended as a tort reform measure and
not as a sub silentio repeal of penalty statutes.@  The State further indicates that  Chapter 41
implicates only damages, and Astatutory
penalties and fines are not, and have never been, considered damages.@  Additionally, the State emphasizes that the
Legislature has continued to amend and add new statutes including statutory
penalties and fines since Chapter 41 was enacted; thus, Areading Chapter 41 to countermand statutes permitting
or ordering statutory penalties and fines would be an absurd result.@  Finally, the State points out that Norra=s due process challenge must fail because the seminal
case examining this issue explicitly applies only to cases involving punitive
damages.  Indeed, comparing a punitive damages award and civil or criminal
penalties that could be imposed for comparable misconduct provides an indicium
of the excessiveness of the punitive damages award because a reviewing court
should Aaccord >substantial
deference= to legislative judgments concerning appropriate
sanctions for the conduct at issue.@ BMW
of N. Am., Inc. v. Gore, 517 U.S. 559, 583, 116 S.Ct. 1589, 1603 (1996)
(quoting Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.,
492 U.S. 257, 301, 109 S.Ct. 2909, 2934 ( 1989); see also State Farm Mut.
Auto. Ins. Co. v. Campbell, 538 U.S. 408, 428, 123 S.Ct. 1513, 1526 (2003)
(AThe third guidepost in Gore is the disparity
between the punitive damages award and the >civil
penalties authorized or imposed in comparable cases.=@).  Regardless of the persuasiveness of the State=s arguments, however, we need not determine whether
Chapter 41 applies to an award of civil penalties and fines or whether a due
process analysis of the ratio of actual to punitive damages is appropriate in
this case, because, as discussed supra, Norra failed to preserve these
complaints for our review.





[4]  Norra acknowledges as much in her briefing:

In the trial court, the parties stipulated to in excess of 15,000
drinking water violations by Ms. Norra, that is, violations of Chapter 341 of
the Texas Health & Safety Code, and the regulations promulgated thereto.  The
trial court was authorized to assess a civil penalty of not less than $50 nor
more than $1,000 for each violation.  Each day of a continuing violation is
a separate violation.

The evidence will also support an inference of approximately
fifty-seven sewage and wastewater violations by Ms. Norra, for which the trial
court was authorized to assess a civil penalty of not less than $50 nor more
than $1,000 for each violation.  The civil penalties awarded by the trial
court were thus within the scope of the penalties awarded by statute.

(citations omitted, emphasis added).





[5] At best, Norra challenges the excessiveness of the
award against her.  But the standard of review for an excessive damages
complaint is factual sufficiency of the evidence.  Mar. Overseas Corp. v.
Ellis, 971 S.W.2d 402, 406 (Tex. 1998); see also Healthcare Ctrs. of
Tex., Inc. v. Rigby, 97 S.W.3d 610, 623 (Tex. App.CHouston [14th  Dist.] 2002), disapproved of on
other grounds, Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d
842, 853 (Tex. 2005).  Norra has provided no argument or authority regarding
the factual sufficiency of the evidence and has thus waived any such
challenge.  See  Tex. R. App. P. 38.1(h);
San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14th Dist.] 2005, no pet.)   Moreover, as
noted supra, Norra has admitted to sufficient violations to justify the
civil penalties assessed in this case.





[6]  A[A]bsent
fundamental error, an appellate court has no discretion to reverse an otherwise
error-free judgment based on a new argument raised for the first time on
appeal.@  Coleman v. Klöckner & Co. AG, 180 S.W.3d
577, 587 (Tex. App.CHouston [14th Dist.] 2005, no pet.).